Argued and submitted May 16, reversed and remanded November 15, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## DOUGLAS LEROY PITT,
*Appellant.*

20-02-18264; A121706

150 P3d 1

James N. Varner filed the brief for appellant.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Wollheim and Schuman,* Judges.

PER CURIAM

---

* Schuman, J., *vice* Ceniceros, S. J.

## PER CURIAM

Defendant appeals a judgment of conviction for two counts of sexual abuse in the first degree, ORS 163.427, and two counts of unlawful sexual penetration in the first degree, ORS 163.411. He assigns error to the trial court's decision to allow into evidence the videotaped testimony of child victims who the court had determined were unavailable to appear as witnesses and whom defendant did not have the opportunity to cross-examine. Defendant argues that admission of the videotapes was a violation of his constitutional right to confront his accusers, as articulated by the Supreme Court in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004).

In a separate case, the same defendant was convicted of sexual offenses that involved the same child victims but arose from defendant's conduct in a different county. *See State v. Pitt*, 209 Or App 270, 147 P3d 940 (2006). In that case, the victims were also determined by the court to be unavailable to appear as witnesses and the same videotaped testimony at issue here was also admitted into evidence. Defendant appealed, and we held that admission of the videotapes was plainly erroneous under *Davis v. Washington*, ___ US ___ , 126 S Ct 2266, 165 L Ed 2d 224 (2006), *Crawford*, and *State v. Mack*, 337 Or 586, 101 P3d 349 (2004). It is undisputed that the videotapes at issue in this case are the same ones the admission of which we have already held to be unconstitutional. In this case, defendant's *Crawford* objection was preserved. It necessarily follows that it was reversible error to admit the videotapes in this case.

Reversed and remanded.